**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Douglas Joseph Day RIDER,
Defendant–Appellant.**

**No. 09–30283.**

United States Court of Appeals,
Ninth Circuit.

Submitted June 25, 2014.*

Filed June 27, 2014.

Leif Johnson, Assistant U.S., USBI–Office of the U.S. Attorney, Billings, MT, for Plaintiff–Appellee.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Evangelo Arvanetes, Assistant Federal Public Defender, FDMT–Federal Defenders of Montana, Great Falls, MT, for Defendant–Appellant.

Before: HAWKINS, TALLMAN, and NGUYEN, Circuit Judges.

## MEMORANDUM **

Douglas Joseph Day Rider appeals from the district court's judgment and challenges his guilty-plea conviction for failure to register as a sexual offender under the Sex Offender Registration and Notification Act ("SORNA"), in violation of 18 U.S.C. § 2250(a). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Rider first argues that the district court should have dismissed the indictment because Montana had not implemented SORNA at the time of his offense. This argument is foreclosed. *See United States v. Elk Shoulder*, 738 F.3d 948, 954–55 (9th Cir.2013), *cert. denied*, —— U.S. ——, 134 S.Ct. 1920, 188 L.Ed.2d 944 (2014) (enforcement of SORNA is not dependent on a state's implementation of the administrative portion of SORNA); *United States v. Elkins*, 683 F.3d 1039, 1046 (9th Cir.2012) (same).

Rider next argues that Congress lacked authority under the Commerce Clause to require him to register. This argument is also foreclosed. *See United States v. Kebodeaux*, —— U.S. ——, ——, 133 S.Ct. 2496, 2500, 186 L.Ed.2d 540 (2013) (concluding that "the Necessary and Proper

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Clause grants Congress adequate power to enact SORNA and to apply it" to a defendant convicted of a federal sex crime who was subject to federal sex offender registration requirements at the time of SORNA's enactment in 2006); *Elk Shoulder*, 738 F.3d at 959 (same).

**AFFIRMED.**